# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:10cr00014 |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| MATEO MARTINEZ-GARCIA, | ) | |
| | ) | By: Hon. James G. Welsh |
| *Defendant* | ) | U.S. States Magistrate Judge |
| | ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

The Grand Jury previously returned a two-count Indictment charging: in **Count One** that on or about April 20, 2010 the defendant, an alien, was found in the United States after having been removed, excluded, and deported therefrom on or about January 30, 2009, at or near Brownsville, Texas, and not having obtained the express consent of the Secretary of Homeland Security or Attorney General of the United states to reapply for admission to the United States, all in violation of Title 8, United States Code, Sections 1326(a) and (b)(2); and in **Count Two** that on or about the same said date the defendant, an alien in the United States and a citizen of the Country of Mexico, was found after he did enter the United States at a time and place other than as designated by immigration officers, all in violation of Title 8, United States Code, Sections 1325(a)(1).

The plea hearing was conducted before the undersigned on July 16, 2010. The defendant was at all times present in person and with his counsel, Kristen G. Hughes. The United States was represented by Jeb T. Terrien, Assistant United States Attorney. Also present was a properly qualified Spanish language interpreter for the defendant. *See* Rule 28, Federal Rules of Criminal Procedure. The proceedings were recorded by a court reporter. *See* Rule 11(g). With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented an oral proffer of evidence for the purpose of establishing an independent basis for the defendant's pleas, and the defendant entered pleas of guilty to the felony offense charged in Count One and the misdemeanor offense charged in Count Two of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

After counsel for the defendant and for the government jointly represented that the defendant's decision to plead guilty to the offenses charged against him was not being made pursuant to any form of plea agreement, the defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is MATEO MARTINEZ GARCIA; he is twenty-three (23) years of age, and he completed the 6th grade in school in Mexico. Although he can understand some English; with the assistance of the Spanish

language interpreter he testified that he was fully able to understand and participate in the proceedings. He testified that he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding, that he was using no alcoholic beverage, medication or drugs which might impair his ability to participate fully in the proceeding, that his mind was clear, and that he understood he was in court for the purpose of entering pleas of guilty to one felony offense and to one misdemeanor offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that she had no reservations about the defendant's competency to enter pleas of guilty in this case.

The defendant acknowledged that he had received a copy of the Indictment and that it had been fully translated and explained to him. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of the charges against him in the Indictment, and specifically understood the offense charged in Count One was a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter pleas of guilty to the two charges against him had been made by him voluntarily after consulting with his attorney, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to enter pleas of guilty to the two charges pending against him.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent

to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Upon further inquiry, the defendant testified that no one had made any promise or assurance of any kind in an effort to induce him to plead guilty in this case and that no one had attempted in any way to force him to plead guilty in this case.

After counsel for the government outlined the range of punishment for the offenses charged in the Indictment, the defendant acknowledged that he understood the maximum statutory penalty for conviction of the felony offense charged in Count One of the Indictment to be confinement in a federal penitentiary for twenty (20) years, a $250,000.00 fine and a term of supervised release or deportation after completion of any term of incarceration. *See* Rule 11(b)((H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L). Likewise, he acknowledged that he understood the maximum statutory penalty provided by law for conviction of the misdemeanor offense charged in Count Two to be incarceration for six months, a $100,000.00 fine, and a term of supervised release or deportation after completion of any term of incarceration. In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $25.00 special assessment.

The defendant then acknowledged that he knew his plea of guilty to Count One, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may

deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offenses; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and could require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea to the offense charged in Count One constituted an admission of all of the elements of a formal felony charge, that his entry of a guilty plea to the offense charged in Count Two constituted an admission of all of the elements of a formal misdemeanor charge, that he knew irrespective of any sentence imposed by the court he would have no right to withdraw either guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include an additional period of "supervised release" or deportation and exclusion, and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offenses charged in Count One and Count Two because he had in fact knowingly re-entered the United States illegally after being previously deported as alleged in the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government made an oral proffer summarizing the essential facts the government was prepared to prove at trial, and the defendant and his counsel each represented that the statement fairly and accurately summarized the government's case. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting with his attorney, the indictment was read in full to the defendant, and after being called-upon for his plea he entered a plea of GUILTY to Count One alleging his violation of Title 8, United States Code, Sections 1326(a) and (b)(2) and a plea of GUILTY to Count Two alleging his violation of Title 8, United States Code, Section 1325(a)(1). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty, after an independent basis for the plea was established, the defendant was again addressed personally, and he reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any force, threats, promises of leniency or other inducement of any kind. *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of his guilty pleas would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal pending preparation of a pre-sentence report and acceptance of his guilty plea.

## GOVERNMENT'S EVIDENCE

The government's oral proffer setting forth the factual basis for the offense included the following: On April 20, 2010 Mateo Martinez Garcia, aka Carmelo Martinez Garcia, was discovered living in Winchester, VA, in the Western District of Virginia, and he was referred to Immigrations and Customs Enforcement ("ICE") officials in Harrisonburg, Virginia. ICE officials interviewed Martinez Garcia and he made the following admissions: he is a citizen of Mexico; he last entered the United States in McAllen, Texas through the desert; he previously has been ordered deported, excluded or removed; he has never sought permission to reenter the United States. Records checks and fingerprint comparisons confirmed the following information about Martinez Garcia: he is a citizen of Mexico; he was convicted of multiple aggravated felonies on April 23, 2008 in the Winchester, Virginia area; he was ordered removed on January 27, 2009; he departed the United States from Brownsville, Texas on January 30, 2009; he never sought authorization to reapply for admission and a certificate of the non-existence of those records was obtained on April 29, 2010.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the felony charge set forth in Count One of the Indictment;

2. The defendant is fully competent and capable of entering an informed plea to the misdemeanor charge set forth in Count Two of the Indictment;

3. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of his guilty plea;

4. The defendant is fully aware both of the nature of the charge set forth in Count Two of the Indictment and of the consequences of his guilty plea;

5. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

6. Each of the defendant's pleas of guilty was fully voluntary and knowingly made;

7. The defendant's pleas of guilty were not made pursuant to any type of plea agreement;

8. The defendant's tender of pleas of guilty to Count One and to Count Two were made with the advice and assistance of counsel;

9. The defendant's pleas of guilty did not result from force, threats, inducements or promises; and

10. The evidence presents an independent basis in fact containing each essential element of the two offenses to which the defendant has entered pleas of guilty.

**RECOMMENDED DISPOSITION**

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to the offenses charged in Count One and Count Two of the

Indictment, that he be adjudged guilty said offenses, and that a sentencing hearing be scheduled for October 25, 2010 at 11:00 a.m. before the presiding district judge.

**NOTICE TO PARTIES**

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: 21st day of July 2010.

                                                      *s/ James G. Welsh*
                                                        U.S. Magistrate Judge